William R. Tamayo, SBN (CA) 084965
David Offen-Brown, SBN (CA) 063321
Dana C. Johnson, SBN (CA) 187341
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone:  (415) 625-5697
Facsimile:   (415) 625-5657
E-mail:  dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

Pankaj Bhatia
BHATIA & ASSOCIATES
445 South Figueroa Street, Suite 2600
Los Angeles, CA 90071
Telephone:  (213) 426-2112
Facsimile:   (213) 426-2146
E-mail:  pbhatia@bhatialaw.com

Attorneys for TBS Foods, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  2:09-CV-03546-MCE-JFM |
| Plaintiff, | **CONSENT DECREE AND ORDER** |
| vs. | |
| KOBRA ASSOCIATES, INC. d/b/a JACK IN THE BOX, | |
| Defendant. | |

1    Plaintiff U.S. Equal Employment Opportunity Commission ("Commission"
2  or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964
3  and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment
4  practices on the basis of sexual harassment and to make whole Tammy Bright and
5  other similarly situated women, who were aggrieved by the alleged unlawful
6  practices.  Plaintiff EEOC alleged that defendant Kobra Associates, Inc. d/b/a Jack
7  in the Box ("Defendant Kobra") unlawfully subjected Bright and similarly situated
8  women to a hostile work environment because of their sex, female.  TBS Group,
9  ("TBS" or the "Company") is in the process of acquiring Defendant Kobra's Store
10 513, located at 6729 Skyway Street, Paradise, CA 95969 ("Store 513"), and
11 intends to continue to operate Defendant's Store 513, which is the store where
12 Bright and the similarly situated women had been employed.  TBS is acquiring
13 Store 513 free and clear of all claims, interests or encumbrances through a sale
14 approved by the Bankruptcy Court, with the sole exception of this Consent Decree
15 ("Decree").  TBS consents to this Court's jurisdiction during the term of this
16 Decree solely for purposes of compliance with this Decree.

17    In the interest of resolving this matter and as a result of comprehensive
18 settlement negotiations, the Commission and TBS (hereinafter "Parties to the
19 Decree") have agreed that the EEOC's claim for non-monetary injunctive relief in
20 connection with the above-captioned lawsuit (the "Lawsuit") should be finally
21 resolved by entry of this Decree.  This Decree shall not constitute an adjudication
22 of or a finding on the merits of the Lawsuit.  Nor does it resolve the EEOC's
23 claims for monetary relief against Defendant Kobra, which claims, once liquidated,
24 will be administered through the bankruptcy court proceedings.

25    This Decree constitutes a complete resolution between the Parties to the
26 Decree of all claims that were made or could have been made by the Commission
27 against TBS as they relate to successor liability on behalf of Ms. Bright or
28 similarly situated women based upon Ms. Bright's charge of discrimination, EEOC

1   Charge No. 550-2007-02024.  This Decree does not, however, prevent or affect the

2   filing or resolution of any charges filed after entry of this Decree.  Currently, the

3   EEOC knows of no pending charges against TBS.

4         This Decree comprises the full and exclusive agreement of the Parties to the

5   Decree with respect to the matters discussed herein.  No waiver, modification or

6   amendment of any provision of this Decree shall be effective unless made and

7   approved in writing by the Parties to the Decree, and any substantive change,

8   modification or amendment of any provision of this Decree shall also require

9   approval by the Court.

10      The Court has reviewed this consent decree in light of the pleadings, the

11   record herein, and now approves this consent decree.  THEREFORE, IT IS

12   ORDERED, ADJUDGED AND DECREED:

13             GENERAL PROVISIONS

14        1.    This Court has jurisdiction over the subject matter and the

15   Parties to this Lawsuit.  This Court will retain jurisdiction over this Decree for all

16   purposes until the expiration of the Company's obligations as set forth herein.

17        2.    This Decree is final and binding upon the Parties to the Decree,

18   their successors and assigns.

19        3.    The Parties to the Decree shall each be responsible for its own

20   costs and attorneys' fees.

21          GENERAL INJUNCTIVE RELIEF

22        4.    Retaliation:  TBS and its officers, agents, managers (including

23   supervisory employees), successors and assigns, are enjoined from engaging in,

24   implementing or permitting any action with the purpose of retaliating against

25   Tammy Bright because she (a) opposed any practice of harassment made unlawful

26   under Title VII, (b) filed a Charge of Discrimination alleging any such practice, (c)

27   participated in the EEOC's investigation into claims of harassment, or (d) was

28   identified as a possible witness in connection with this Lawsuit.  If the EEOC

1  believes that TBS has violated this provision, it will provide TBS with written

2  notice and a sixty (60) day period in which to engage in good faith efforts to

3  resolve the issue, as set forth in Paragraph 15a, prior to petitioning the Court.

4  SPECIFIC INJUNCTIVE RELIEF

5  5.   Zero-Tolerance

6  The Company affirms the following Statement of Zero-Tolerance

7  Policy and Equality Objectives:

8  "The Company is firmly committed to maintaining a zero-tolerance

9  policy concerning discriminatory harassment and retaliation against individuals

10  who report harassment in the company's workplace; to reasonably swiftly and

11  appropriately respond to any acts of harassment and retaliation of which the

12  Company becomes aware; to impose discipline designed to strongly deter future

13  acts of harassment or retaliation; and to conduct training, distribute at hire the

14  Company's policy prohibiting harassment, and train managers and  supervisors on

15  their duties regarding workplace harassment, in order to ensure tolerance, respect

16  and dignity for all employees."

17  6.   EEO and Harassment Policies

18  TBS shall present to the EEOC its EEO & harassment policies, within

19  sixty (60) days of signing the Decree, such that the policies will: (i) include

20  definitions of discriminatory harassment; (ii) include examples to supplement the

21  definitions of sexual harassment; (iii) provide for appropriate discipline and/or

22  corrective action for incidents of discriminatory harassment designed to deter

23  future acts of harassment; (iv) include strong non-retaliation language; (v) provide

24  for appropriate discipline for incidents of retaliation designed to deter future acts

25  retaliation; (vi) provide express options, as stated in the employee handbook, for

26  making oral or written complaints of harassment and/or retaliation; (vii) provide

27  for a prompt investigation after a complaint is made or received and for appropriate

28  remedial action, if warranted, to be taken upon conclusion of an investigation; and

1   (viii) indicate that, upon the conclusion of the investigation of a complaint, the

2   Company will communicate to the complaining party the results of the

3   investigation and that remedial action was taken, if any.  TBS is not required by

4   this Decree to inform the complaining party of the nature of the discipline

5   imposed, if any.

6          The Company shall ask each person who receives the policies to sign

7   an acknowledgment that they have received and read the policy.

8          7.     Complaint Procedure

9          a.     The Company shall implement a complaint procedure designed

10   to encourage employees to come forward with complaints about violations of its

11   harassment policy.  As part of the policy, the Company shall provide its employees

12   with convenient, confidential and reliable mechanisms for reporting incidents of

13   harassment and retaliation.  The Company's complaint procedure and harassment

14   policy shall notify employees that they can lodge a complaint with their immediate

15   supervisor, or a Company Corporate Officer or designee, and shall provide the

16   name and telephone numbers for such individuals. Contact information for the

17   Company Corporate Officer or designee shall also be continuously posted at Store

18   513.

19          b.     The Company shall undertake reasonable efforts to maintain

20   anonymity of complainants and confidentiality of complaints in a manner

21   consistent with applicable law.

22          8.     Training of Employees

23          The Company shall provide mandatory annual anti-harassment

24   training for each year during the term of the Decree to all employees who are

25   employed at Store 513 at the time of the training.  Failure of an employee to attend

26   is only excused for legitimate reasons.  TBS will not be in default of the Decree if

27   it substantially complies with this provision.  The purpose of said training shall be

28   to give participants an understanding of harassment issues, particularly sexual

harassment, including but not limited to what constitutes sexual harassment, sources of legal protection for sexual harassment victims, the employees' obligation to report sexual harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including disciplinary policies) and practices related to sexual harassment and retaliation with Company employees.

9.    Training Logistics

The content, persons providing training, method of training and size of training under Paragraph 8, above, is subject to review by the EEOC.  The EEOC will consider qualified Jack in the Box, Inc. personnel as trainers to perform this function.  The annual trainings will be conducted by live trainers.  The Company agrees to provide the qualifications of the trainer(s) and a description of each training program and the date, time and location of the training to counsel for the Commission no later than twenty (20) days before each of the training programs are scheduled to be held.

10.    Acknowledgment of Training Attendance

All persons attending mandatory anti-harassment training pursuant to this Decree shall sign an acknowledgment of their attendance at the training and the date thereof.  The Company shall retain these acknowledgments and provide the EEOC with a copy thereof each year that the Decree remains in effect.

11.    Reports to the Commission

Within forty-five (45) days of completion of the training required by this consent decree, the Company will send the EEOC verification of its completion of harassment training for its employees.

12.    Harassment Complaint Reports

During the term of the Decree, TBS shall provide to the EEOC reports concerning internal complaints of harassment containing the following information:  (1) a description of the complained-of events, (2) the name of the

complaining employee, and (3) the resolution that TBS reached in connection with the complaint.  At the EEOC's request, TBS shall provide the EEOC with the complaining party's last known telephone number or shall provide the EEOC with a statement signed by the complaining party that he or she does not want his or her telephone number to be provided to the EEOC.

On the twenty-fifth day of January and June of each year during the duration of this Decree, TBS shall mail to counsel for the Commission a report containing the above information.

13.    Policies Designed to Promote Supervisor Accountability

a.    Communication of Potential Discipline for Engaging in Harassment

TBS shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in harassment or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct.  The Company shall communicate this policy to all of its supervisors and managers via the employee handbook.

b.    Communication of Duty to Monitor Worksite.

The Company shall advise all managers and supervisors via the employee handbook of their duty to monitor their work areas to ensure employee compliance with the company's anti-harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the individuals charged with handling such complaints.

14.    Notice of Decree to Potential Purchasers

In the event that TBS sells Store 513 during the term of the Decree, it shall provide the purchaser with a copy of the Decree at least fifteen (15) days before the sale takes place.

15.     Retention of Jurisdiction and Expiration of Decree

a.     For purposes of enforcing the provisions of this Decree, and pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the expiration of the Decree. This Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of  substantial noncompliance by the Company.  If the Commission determines that the Company has not complied with the Decree, the Commission will provide written notification of the alleged breach to the Company, and will not petition the Court for enforcement sooner than sixty (60) days after providing written notification.  The sixty-day period following written notice shall be used by the Parties to the Decree for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds the Company to be in substantial violation of the terms of the Decree, the Court may extend this Decree.

b.     Except as provided in the preceding paragraph 9, two (2) years after the entry of this Decree, this lawsuit will be deemed to have been dismissed with prejudice, provided that the Company has complied substantially with the terms of this Decree.  The Company will be deemed to have complied substantially if the Court has not made any findings or orders during the term of this Decree

///
///
///
///
///
///
///

that the Company has failed to comply with any of the terms of this Decree. The Decree will automatically expire without further Court Order.


Dated: _May 5____, 2010          U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION

                                 By:   /s/
                                       William R. Tamayo

                                       Attorney for Plaintiff EEOC

Dated: _____, 2010         TBS FOODS, INC.

                                 By:   /s/
                                       Ben Nematzadeh

                                       President, TBS Foods, Inc.

## ORDER

        In accordance with the parties' stipulation, the foregoing Consent Decree is hereby approved. The instant matter is hereby dismissed, with prejudice, and the Clerk of Court is directed to close the file. The pending Motions to Dismiss (Docket No. 6) and to stay these proceedings (Docket No. 12) are accordingly denied as moot. Pursuant to the terms of the Consent Decree, however, the Court will retain jurisdiction over this matter for a period of two (2) years to ensure compliance with the terms of the settlement reached between the parties as set forth above.

        **IT IS SO ORDERED.**

Dated: May 18, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE